Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 9029
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ARAM, INC., a New Jersey Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GAURI KOHLI LLC, a Delaware limited liability company; GAURI KOHLI, an individual; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

Michael Aram, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff MICHAEL ARAM, INC. ("ARAM" or "Plaintiff"), is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business located at 901 North Olive Ave, West Palm Beach. Florida 33401.

5. Defendant GAURI KOHLI, LLC is a Delaware limited liability company with its principal place of business at 8 The Green, Suite 4000, Dover, DE 19901, and does business in and with the state of California, and Los Angeles.

6. Defendant GAURI KOHLI, the individual, resides in India and is the US Trademark holder of her namesake corporation, GAURI KOHLI LLC (collectively, the "Defendants").

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their

true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FACTUAL BACKGROUND

9. Michael Aram, owner of ARAM, is an award-winning artist who has dedicated his career to craft-based design, including his unique and celebrated sculptures, houseware, and jewelry.

10. Trained as a painter, sculptor, and art historian, Michael Aram's work encompasses a wide range of media and reveals a rich and variant source of inspiration – nature, mythology, narrative storytelling, and purified form.

11. After studying fine art and living as an artist in New York in the late 1980's, Michael Aram traveled to India where he discovered its rich metalworking traditions. While there Michael Aram spent hours observing artisans as they made items the same way as their families and predecessors had for centuries. Touched by the talent of these gifted artisans and inspired to work with craftsmen whose skills he felt were greatly untapped, Michael Aram set up a studio in India where he has created his work for the past 30 years. Today, over 200 artisans work alongside him in his workshop where the same creative interaction between artist and artisan remains the source of every object that Michael Aram makes.

12. In drawing his inspiration for his designs, Michael Aram looks to his surroundings and often makes sculptures of objects that might otherwise be overlooked in the everyday. Nature is his biggest muse as can be seen in his

collections such as *Autumn Leaf, Bark & Branch, Black Iris, Black Orchid, Calla Lilly, Cherry Blossom, Golden Ginko, Ivy & Oak, Ocean Reef, Olive Branch, Palm, Pomegranate, Sunflower, Thorn, Twig*, etc. His work combines the imperfections innate in the handmade process with the perfectly imperfect beauty of nature to create objects that reflect humanity. Many of his pieces are ingrained with a rich storyline, inherent symbolism, and deep-rooted meaning. Sometimes his work is simply an exploration and celebration of the handmade process. Bridging the gap between the artist and artisan is a hallmark of Michael Aram's work. The handmade quality of the work allows it to shift between the realm of fine and decorative art.

13. For more than thirty (30) years, ARAM has enjoyed substantial success in the luxury market offering houseware designs created by Michael Aram and owned in exclusivity by ARAM. This broad diversity embodies Michael Aram's versatility as an artist who is comfortable working on private commissions, one-of-a-kind pieces for gallery shows, or pieces that are affordable to a wider audience.

14. ARAM's original works are featured in popular and influential magazine and websites, including *Vanity Fair*, *Elle Decor*, *Portrait*, and *Home & Design*. ARAM's products are sold in hundreds of points of distribution, including, but not limited to, through ARAM's brick and mortar locations; its website, https://michaelaram.com/; and, luxury stores Neiman Marcus, Bloomingdales, Macy's, Saks Fifth Avenue, and Bergdorf Goodman.

15. GAURI KOHLI LLC is a home goods retailer which sells its products direct to consumers through its website, https://www.gaurikohli.com/, and through third-party distributors such as "Home Depot," "Macy's," "Bloomingdales," "Target," "Bed, Bath, and Beyond," and "Kroger."

/ / /

/ / /

## CLAIMS RELATED TO THE SUBJECT DESIGN

16. ARAM is the creator and owner of an original sculptural work of art, entitled "174917-Palm Shallow Bowl," which was duly registered under registration number VA 2-271-387 ("Subject Design").

17. ARAM is informed and believes and thereon alleges that following its distribution of Subject Design, GAURI KOHLI LLC purchased, distributed, advertised, and/or sold houseware goods featuring designs which are substantially similar, if not virtually identical, to Subject Design without ARAM'S authorization ("Offending Product").

18. Specifically, and without limitation, Offending Product is a mirror image of a substantial portion of Subject Design and includes the following features, not found in pinnate leaves[1] in nature, taken from Subject Design and identified below:

    a. Each vertical leaflet is woven over and underneath the horizontal row of leaflets;

    b. The shape, size, color and depth of the bowls,

    c. There are nine leaflets in one direction, and ten leaflets in the other.

19. Offending Product includes but is not limited to the products sold by GAURI KOHLI LLC under the name "LOHARI GOLD MESH BOWL, 15" at https://www.gaurikohli.com/products/lohari-gold-mesh-bowl-15

/ / /

/ / /

/ / /

---

[1] There are three type of palms leaves: pinnate, palmate, or costapalmate.

20. Exemplars of Subject Design and Offending Product are below:



**Subject Design**



**Offending Product**

/ / /

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against all Defendants, and Each)

21. ARAM repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

22. ARAM alleges that Defendants, and each of them, accessed the Subject Design by without limitation, viewing, and/or purchasing the Subject Design.

23. ARAM alleges on information and belief that Defendants, and each of them copied, reproduced, displayed, and distributed the Offending Products to consumers.

24. ARAM alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Design and distributed same to the public.

25. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial. Plaintiff further alleges that Defendants have committed copyright infringement with actual knowledge or reckless disregard of ARAM's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

   a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing,

offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 *et seq.*;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: April 2, 2024
DONIGER/BURROUGHS

By:   /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Kelsey M. Schultz, Esq.
Attorneys for Plaintiff